UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AALITOOD, *et al.*, <br><br> Defendants. | Case No. C23-679-MJP <br><br> ORDER |

This matter is before the Court on Plaintiffs Amazon.com Inc., Amazon.com Services LLC, Canon Kabushiki Kaisha, and Canon USA Inc.'s (collectively, "Plaintiffs") Status Report submitted September 8, 2023 ("Status Report" (dkt. # 9)).

On May 10, 2023, Plaintiffs filed a complaint against entities doing business as 29 Amazon Selling Accounts ("Defendants") and "Does 1-10." (Compl. (dkt. # 1) at ¶¶ 10-11, Schedule 1A.) On August 21, 2023, the Honorable Marsha J. Pechman referred the case to the undersigned pursuant to General Order 03-23 to handle all issues related to service. (Dkt. # 7; Gen. Order 03-23 (W.D. Wash.).) On August 23, 2023, this Court issued an order to file a status report by September 8, 2023. (Dkt. # 8; Status Report.)

ORDER - 1

In the Status Report, Plaintiffs explain that they believe all Defendants are located abroad because the Amazon Selling Accounts were accessed from IP addresses in China, and therefore the Rule 4(m) 90-day deadline for service does not apply. (Status Report at 1-2 (citing Fed. R. Civ. P. 4(m)).) Plaintiffs report that they continue to actively investigate Defendants' true identities by working with the payment service provider that maintains the bank accounts defendants linked to their Amazon Selling Accounts. (*Id.*) Within 120 days, Plaintiffs expect to: (1) file an amended complaint naming individuals and/or entities responsible for the Amazon Selling Accounts at issue; and (2) move for leave to serve Defendants via alternative service. (*Id.* at 2-3.)

Federal Rule of Civil Procedure 4(m) requires the Court to dismiss an action against a defendant, or order that service be made within a specified time, if the defendant is not served within 90 days after the Complaint is filed. The 90-day time limit for service in Rule 4(m), however, "does not apply to service in a foreign country[.]" Fed. R. Civ. P. 4(m); *see also Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991) ("[T]he plain language of Rule 4 . . . makes the [time limit for] service provision inapplicable to service in a foreign country[.]"). Despite the lack of an express time limit, Rule 4(m) "does not preclude the court from 'setting a reasonable time limit for service in a foreign country to properly manage a civil case.'" *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (quoting *Baja Devs. LLC v. TSD Loreto Partners*, 2009 WL 2762050, at *1 (D. Ariz. Aug. 26, 2009)).

Because Plaintiffs' investigation to date indicates that all Defendants will likely need to be served in a foreign country, the Court concludes additional time to serve is warranted. The Court therefore DIRECTS Plaintiffs to, within 120 days of the date this Order is signed: (1) file

ORDER - 2

an amended complaint; and (2) serve Defendants, move for alternative service, or, if unable to do so, file a status report detailing their efforts to serve Defendants.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Marsha J. Pechman.

Dated this 20th day of September, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3