1
2
3
4
5
6         UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8    AMAZON.COM INC, *et al.*,

9                        Plaintiffs,                    Case No. C23-679-MJP-MLP

10          v.                                          ORDER

11   AALITOOD, *et al.*,

12                       Defendants.

13

14                          **I.      INTRODUCTION**

15          This matter is before the Court on Plaintiffs Amazon.com, Inc., Amazon.com Services

16   LLC, Canon Kabushiki Kaisha, and Canon U.S.A., Inc.'s ("Plaintiffs") *Ex Parte* Motion for

17   Expedited Discovery ("Plaintiffs' Motion"). (Pls.' Mot. (dkt. # 12).) No defendant has yet

18   appeared in this matter. Having reviewed Plaintiffs' briefing, the governing law, and the balance

19   of the record, the Court GRANTS Plaintiffs' Motion (dkt. # 12).

20                          **II.      BACKGROUND**

21          On May 10, 2023, Plaintiffs filed a complaint against "individuals and/or entities who

22   operated, controlled, and/or were responsible for" twenty-nine Amazon Selling Accounts that

23

allegedly sold counterfeit Canon-branded products ("Defendants").[1] (Compl. (dkt. # 1) at ¶ 10, Scheds. 1A, 1B.) On August 21, 2023, the case was referred to the undersigned pursuant to General Order 03-23 "to handle all issues related to service." Gen. Order 03-23 (W.D. Wash.); dkt. # 7.

Plaintiffs investigated the identifying information provided when the Amazon Selling Accounts were registered and determined it was fraudulent. (Haskel Decl. (dkt. # 14) at ¶¶ 5-6; Rainwater Decl. (dkt. # 13) at ¶ 4.) Plaintiffs have investigated Defendants' true identities by working with private investigators, public records, specialized databases, and informal discovery from third-party financial institutions. (Rainwater Decl. at ¶ 4.) Plaintiffs' investigation has revealed the identities of individuals responsible for all but one of the Amazon Selling Accounts: Falls Indn. (*Id.* at ¶ 5.)

The Falls Indn Amazon Selling Account was registered with a virtual bank account through payment service provider Airwallex, which was used to transfer funds to and from Falls Indn. (Haskel Decl. at ¶ 7.) Plaintiffs now seek leave to serve third-party subpoenas under Federal Rule of Civil Procedure 45, prior to the Rule 26(f) conference, on Airwallex in order to determine the identities and locations of the individual or individuals responsible for the Falls Indn Amazon Selling Account. (Pls.' Mot. at 6.)

### III.   DISCUSSION

#### A.   Legal Standard

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding

---

[1] The Complaint also alleges "Does 1-10" acted in concert with the Defendants responsible for the Amazon Selling Accounts. (Compl. at ¶ 11.) Plaintiffs' most recent status update, however, reports that they intend to file an amended complaint naming only "the individuals responsible for the Selling Accounts[.]" (Dkt. # 11 at 2.)

exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving party are the focus of the inquiry into good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

**B.      Good Cause for Expedited Discovery**

The Court notes that Defendants appear to have actively misled Plaintiffs as to their identities. The Court finds that Defendants should not be afforded the benefit of anonymity in furtherance of their alleged counterfeiting scheme. Plaintiffs have shown diligence in utilizing available means to investigate Defendants' identities and locations.

Having considered the balance of factors, the Court concludes that Plaintiffs' intent in seeking expedited discovery justifies their request. Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served. *See, e.g.*, *Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at

*1-2 (W.D. Wash. July 18, 2014) (granting expedited discovery from Twitter, Inc. sufficient to identify Doe defendants); *Digital Sin, Inc. v. Does 1–5698*, 2011 WL 5362068, at *1-2 (N.D. Cal. 2011) (allowing early discovery from internet service providers to identify Doe defendants); *see also Cottrell v. Unknown Corr. Officers, 1-10*, 230 F.3d 1366, *1 (9th Cir. 2000) (explaining that "[t]he Federal Rules of Civil Procedure do not require that a district court dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint."). "Where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (cleaned up) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Here, Plaintiffs seek expedited discovery to ascertain sufficient identifying information about the remaining unidentified Defendants to effect service. Good cause exists where a plaintiff has exhausted its means to identify the defendant through publicly available information and has no other way to identify the bad actors involved in the scheme. *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. 2011) ("Courts in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also Semitool*, 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward"). Having reviewed Plaintiffs' declarations, it appears they have exhausted available means to trace specific names and addresses to the Falls Indn Amazon Selling Account. (*See*

1    Decl. at ¶¶ 4-5; Haskel Decl. at ¶¶ 8-11.) Consequently, Plaintiffs have demonstrated that

2    without expedited discovery, they will not be able to identify those responsible for the alleged

3    fraud.

4         Furthermore, the Court finds good cause for expedited discovery given Plaintiffs' claims

5    that irreparable harm will result through Defendants' continued use of their trademarks, unfair

6    competition, and false advertising (Compl. at ¶¶ 55, 63, 70). *See Music Grp. Macao*, 2014 WL

7    11010724 at *2 (finding good cause where plaintiffs alleged irreparable harm through

8    infringement and unfair competition); *see also Qwest Comm. Int'l, Inc. v. WorldQuest Networks,*

9    *Inc.*, 213 F.R.D. 418, 419 (D. Co. 2003) ("The good cause standard may be satisfied . . . where

10   the moving party has asserted claims of infringement and unfair competition."). For these

11   reasons, Plaintiffs' intent in seeking expedited discovery supports a finding of good cause.

12        Finally, the Court finds minimal prejudice to Defendants if Plaintiffs are granted leave to

13   conduct expedited discovery. Plaintiffs' discovery request is narrowly tailored to seek

14   information only from the bank account associated with the Falls Indn Amazon Selling Account

15   for the purpose of identifying the individual connected to that account. (*See* Pls.' Mot. at 7.)

16   Furthermore, Plaintiffs have requested discovery directed at a non-party—not Defendants—

17   which courts recognize as "not imposing a significant burden upon defendants." *Yong*, 2021 WL

18   1237863 at *3.

19        The Court finds the discovery Plaintiffs seek is narrowly tailored to obtain information

20   related only to the purpose of identifying individuals responsible for the alleged fraud and their

21   locations. *See Qwest Commc'ns Int'l, Inc.*, 213 F.R.D. at 420 ("In applying the 'good cause'

22   standard under Rule 26(d), the court should consider the scope of the requested discovery.").

23   Accordingly, the Court grants Plaintiffs' Motion.

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1)    Plaintiffs' Motion (dkt. # 12) is GRANTED. Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on Airwallex for the purpose of obtaining information that may identify Defendants responsible for the Falls Indn Amazon Selling Account. Plaintiffs shall provide a copy of this Order with each subpoena issued thereto.

(2)    Plaintiffs are ORDERED to, within 120 days of the date this Order is signed, file an amended complaint and either file proof of service or move for alternative service.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Marsha J. Pechman.

Dated this 26th day of January, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge