UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AALITOOD, *et al.*, <br><br> Defendants. | Case No. C23-679-MJP-MLP <br><br> ORDER |

This matter is before the Court on Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (together, "Amazon"), Canon Kabushiki Kaisha, and Canon U.S.A., Inc.'s (together, "Canon"; collectively, "Plaintiffs") *Ex Parte* Motion for Alternative Service. (Mot. (dkt. # 20).) Having considered Plaintiffs' submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiffs' Motion (dkt. # 20).

**I.  BACKGROUND**

Plaintiffs have filed an amended complaint alleging Defendants Shao Zhuan Chen, Zubing Zheng, Shao Yi Chen (collectively, "Defendants"), and "Does 1-10" acted in concert to advertise and sell counterfeit Canon-branded products using 40 different Amazon Selling Accounts. (Am. Compl. (dkt. # 16) at ¶¶ 10-14; *see id.* at 23-36 ("Schedule 1").) Plaintiffs'

ORDER - 1

investigation, including a private investigator's use of public records and specialized tools as well as third-party discovery authorized by this Court, indicates all Defendants "are likely located in China." (First Rainwater Decl. (dkt. # 21) at ¶ 2; *see also id.* at ¶ 3 (Defendants accessed bank accounts registered to the Amazon Selling Accounts from IP addresses in China).)

Plaintiffs seek authorization for alternative service because they have not been able to identify Defendants' locations within China. (*See* First Rainwater Decl. at ¶ 5; Second Rainwater Decl. (dkt. # 24) at ¶¶ 3-6.) Plaintiffs propose to serve Defendants via some of the email addresses used to create the Amazon Selling Accounts. (Mot. at 4-5.) Plaintiffs sent test emails to all such addresses, and did not receive error notices, bounce back messages, or other indications that the test emails failed to deliver to the addresses at which they propose to serve Defendants. (First Rainwater Decl. at ¶¶ 7-8.)

## II.     DISCUSSION

Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign countries by: (1) internationally agreed methods such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"); (2) if there is no internationally agreed means, in accordance with the foreign country's law; or (3) by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). To obtain a court order under Rule 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

In addition to the requirements of Rule 4(f), "a method of service of process must also comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016. "To meet this

requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

### A. Rule 4(f)

Plaintiffs request Court intervention because they have not located valid physical addresses for service despite extensive investigation. (Mot. at 4.) While third-party discovery reported physical addresses for each Defendant, further investigation revealed the information to be false. (First Rainwater Decl. at ¶ 5.) Specifically, the addresses for Shao Zhuan Chen and Zubing Zheng and one address for Shao Yi Chen did not exist, while another address for Shao Yi Chen was occupied by unrelated people. (Second Rainwater Decl. at ¶¶ 3-6.) The Court concludes Plaintiffs have adequately shown that the Court's intervention is necessary.

Plaintiffs contend Rule 4(f)(3) and the Hague Convention allow for service by email on defendants located in China. (Mot. at 5-6.) China, like the United States, is a party to the Hague Convention.[1] The Hague Convention expressly "shall not apply where the address of the person to be served with the document is not known." Hague Convention, art. 1.[2] Plaintiffs here have been unable to locate physical addresses for Defendants, and thus, could not utilize methods authorized by the Hague Convention. (First Rainwater Decl. at ¶ 5; Second Rainwater Decl. at ¶¶ 3-6.)

---

[1] *See* Contracting Parties, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last viewed June 12, 2024).

[2] *Available at* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last viewed June 12, 2024).

ORDER - 3

1    Nevertheless, whether or not the Hague Convention applies, this Court and others have
2 concluded that email service on individuals located in China is not prohibited by it or any other
3 international agreement. *See Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, 2019 WL
4 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (email service in China "not expressly prohibited by
5 international agreement"). The Court therefore concludes that service by email is not prohibited
6 by international agreement. Plaintiffs have shown that an order permitting service by email
7 would comport with Rule 4(f).

        **B.**        **Due Process**

The Court next considers whether service of process using email addresses registered with Defendants' Amazon Selling Accounts comports with constitutional due process—that is, whether the method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Plaintiffs contend email service comports with due process because the email addresses are "the primary means of communication from Amazon to Defendants" and test emails confirmed the addresses remain functional. (Mot. at 7.) Plaintiffs point to *Facebook, Inc. v. Banana Ads, LLC*, where a court authorized service via email on foreign defendants who "rely on electronic communications to operate their businesses" and for whom plaintiff had "valid email addresses[.]" 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012). In that case, however, it appears that the defendants' businesses were ongoing and used internet domain names that, when registered, "required [defendants] to provide accurate contact information and to update that information." *Id.* at *1.

ORDER - 4

The situation is somewhat less clear here, because the email addresses were used to operate businesses through Amazon Selling Accounts that have been closed. (*See* Am. Compl. at ¶ 52 (Amazon "blocked Defendants' Selling Accounts").) Plaintiffs do not specify when the accounts were closed and whether Defendants were notified.

Nevertheless, Plaintiffs provide evidence that the email addresses they propose effecting service through were actively used in operating the Amazon Selling Accounts. Individuals "registered these email addresses in order to create their Selling Accounts . . . and conduct business through their Selling Accounts." (Haskel Decl. at ¶ 5.) And Plaintiffs have verified that the email addresses remain active. (*See* First Rainwater Decl. at ¶¶ 7-8.) This provides some evidence that Defendants are still using those addresses.

In a similar situation in *Bright Solutions for Dyslexia*, alternative service by email was used where plaintiffs were "unable to locate [d]efendants and believed they may have moved to China." *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *4 (N.D. Cal. Dec. 20, 2017), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018). After issuing takedown notices, the plaintiffs obtained email addresses associated with eBay online seller accounts that defendants had used to sell allegedly counterfeit products. *Id.* at *3. "No errors were received" when plaintiffs sent test emails to two of the addresses. *Id.* The court granted plaintiffs' motion for alternative service by email, and granted default judgment after defendants failed to respond even though "the emails had been successfully delivered with no errors." *Id.* at *4. The court concluded "email service was proper because [d]efendants structured their counterfeit business such that they could only be contacted by email" and, when served by email, "[t]hese emails did not bounce back." *Id.* at *7.

ORDER - 5

In contrast, in *Amazon.com Inc. v. KexleWaterFilters*, this Court denied alternative service by email because plaintiffs had not shown sufficient "indicia that the defendants would in fact receive notice of the lawsuit if the plaintiffs served them by email." 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023). The approach in *Bright Solutions for Dyslexia* was endorsed by this Court in that case, but in *KexleWaterFilters*, the plaintiffs had "not demonstrated that the email addresses associated with [d]efendants' Selling Accounts are still valid[.]" *Id*. Plaintiffs were permitted to "renew their motion with evidence of recent communications to [d]efendants that demonstrates that service by email is a reliable method to provide [d]efendants with notice of the pendency of this action." *Id.*

Here, as in *Bright Solutions for Dyslexia*, Plaintiffs have identified email addresses that these Defendants used in their online businesses, and verified that those email addresses remain functional. As in *Bright Solutions for Dyslexia*, Defendants structured their counterfeit business such that they can only be contacted by email. Together, these circumstances provide sufficient indicia that Defendants are likely to receive notice if served through the email addresses registered to their Amazon Selling Accounts. *See also Amazon.com, Inc. v. KexleWaterFilters*, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023) (granting renewed motion for alternative service where "Plaintiffs received no error notices or bounce-back messages with respect to the test emails").

Moreover, Plaintiffs propose to "serve Defendants using an online service for service of process, RPost (www.rpost.com) that provides proof of authorship, content, delivery, and receipt[.]" (First Rainwater Decl. at ¶ 8.) Service via RPost should, according to Plaintiffs' representations to the Court, provide evidence as to whether service by email was, in fact,

ORDER - 6

received. This offers reassurance that if the email addresses are not being monitored and used, then service will not be erroneously deemed completed.

The Court concludes service via the email addresses is reasonably calculated to apprise Defendants of the pendency of this action and provide them an opportunity to respond. Accordingly, the Court finds due process concerns are satisfied.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion (dkt. # 20). Plaintiffs are authorized to serve the following Defendants at the following email addresses:

- Defendant Shao Zhuan Chen: huaa2233@21cn.com, chenglong378@outlook.com, kathrynlpatrick@outlook.com;

- Defendant Zubing Zheng: xuzhongsheng2177@163.com, dksty2332@21cn.com;

- Defendant Shao Yi Chen: cyha589395@126.com, tme2334@21cn.com, lfcwkj@163.com, jhi537@163.com, libaoliangvfdus@163.com, dz57bb@yeah.net, zhaojucui122@outlook.com, tbdehx@163.com, dass2223@21cn.com, cisongci7831@163.com, y9zt6qbd4yn9jwa@outlook.com, xieczgsih6@163.com, yufeng55353@outlook.com, mariaaescareno@outlook.com, luanhe82717@163.com, nje989@163.com, hnum2234@21cn.com, nanfengzhid@163.com, wwq21698@163.com, zzh895@163.com, teer2244@21cn.com, zhaoyunlong8002@outlook.com, qingxishangmao@outlook.com, benevaciadzpw@gmail.com, an7788@163.com, niuy233@126.com, tadd2020@21cn.com, xbxingyun_amazon@tom.com, juyi3622434@163.com, ruutd2335@21cn.com, baiyu70516@163.com.

Plaintiffs are ORDERED to complete service and file proof of service by **June 28, 2024**. The Clerk is directed to send copies of this order to the parties and to the Honorable Marsha J. Pechman.

Dated this 13th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8